## SALOON LICENSE NOT SUBJECT TO EXECUTION.

Common Pleas Court of Cuyahoga County.

JEREMIAH HORRIGAN v. ALBERT MENDELSON, RECEIVER OF THE SOUTH CLEVELAND BANKING COMPANY.

Decided, June 24, 1916.

*Execution—Saloon License Not Property But a Mere Privilege—Not Subject to Levy and Execution.*

A saloon license is not personal property, in this state, in the sense that it is subject to levy and execution.

*Cline & Minshall*, for plaintiff.
*Mathews & Orgill*, contra.

LIEGHLEY, J.

Plaintiff filed his petition in this court praying for an injunction against the levy of an execution by defendant on the liquor license owned by plaintiff, the said defendant being a judgment creditor of plaintiff. To this petition a demurrer has been filed, and the sole question presented for decision is, whether or not a liquor license, duly issued under our license law, is property of such character and kind as may be levied on by the sheriff.

Section 11655, G. C., provides as follows:

"Lands and tenements, including vested interests therein, permanent leasehold estates renewable forever, and goods and chattels not exempt by law, shall be subject to the payment of debts and liable to be taken on execution and sold as hereinafter provided."

If a liquor license is property, it is necessarily included in the terms "goods and chattels." In substantially all the cases that have had to do with an interpretation of this section in Ohio, the articles or goods and chattels were tangible. It has been held that authorized but unissued bank notes are not subject to levy. Also it has been held that authorized but unissued bonds are not subject to levy. The statute particularly prescribes the manner in which certificates of stock may be subjected to the payment of debts.

Our liquor license law is found in 103 Ohio Laws, 216-243. It provides that a license shall, when granted, run for a period of one year, for which the applicant pays the sum of $100. The business conducted under the license pays to the county treasurer $1,000 per year, under Section 6071, G. C. A license is granted to one who has the qualifications prescribed by the act, and the liquor license board is the final arbiter of the question of whether or not the applicant possesses the qualifications. Section 29 of the act provides for the revocation of a license, and Section 35 provides for the transfer of a license.

The leading authorities supporting the claim of defendant on demurrer that said license is property may be found in the following citations: *Woollen & Thornton on the Law of Intoxicating Liquors*, Section 420; and 41 Washington, 385.

An examination of these authorities will disclose that the question of whether or not a license is property is determined by the fact of transferability or non-transferability of said license. The Washington case was one in which a municipality licensed a saloon-keeper, for the sum of $1,000, which was paid in advance, for the term of one year. Shortly after the term began to run a creditor attached all the property of the firm. There remained about $900 of the license money unearned. It was held under those circumstances that the license was property, although the purchaser at the sale of said license, or transferee, required the consent of the municipality. It may be urged in this connection that the $900 unearned, but paid, presents a different situation from a license in the state of Ohio for which the sum of only $100 is paid, and the $1,000 assessed under Section 6071, G. C., against the business, which may be paid in installments. Or, if paid in full, a refund is provided for, in the same section, of a sum in proportion to the time the business is not conducted.

Section 35 of the act provides that a licensee may apply to the license commissioners for a transfer, upon the payment of a fee of $50; and if the transferee be found possessed of the necessary qualifications under the act, the commissioners *shall* endorse on the license, "Transferred to ————." But it will be noticed that the commissioners, after all, are the final arbiters of the subject of qualifications. This same licensee may prefer to surrender his license, and then he obtains a refund, under Section 6071, G. C.

It has been suggested that the act itself clothes the license with the essentials of property, by the fact that in the event of bankruptcy of the licensee the license shall become the property of the trustee. Also, that in the event of the death of the licensee, the license shall become the property of the administrator.

If the intention of the Legislature is to be gathered, from these two facts in the event of death or bankruptcy, that the license is property, then why should the act itself go into the manner of disposition of the license under these contingencies with so much particularity? If it was intended by the Legis-

lature that the license should be property, the act might have provided for it in a few words; or if the license was to be regarded as property, it was entirely useless to provide for the same passing to the trustee or administrator. If the license is property, it would have to pass to the trustee in one case and to the administrator in the other, without any provision therefor in the act.

The authorities supporting the contention of the plaintiff that the same is not property subject to levy on execution may be found in the following: *Woollen & Thornton on the Law of Intoxicating Liquors*, Sections 124, 325 and 326; *Black on Intoxicating Liquors*, Section 130; and 9 N. W., 560.

These authorities support the proposition that the license is a personal privilege by the state, and is an intangible privilege; that it is a method adopted by the state, in the exercise of its police power, to regulate and control the liquor traffic, subject to modification and alteration, in the reasonable exercise of that power, at any time.

Much has been claimed for the fact that a license in Cuyahoga county has considerable value, and that, therefore, the creditors of a licensee should not be deprived of the right to subject the same to the payment of their debts. This fact, however, should not be the controlling consideration. The law of supply and demand here creates this local value. There are counties in the state where licenses are not held at such a premium as here. If this argument were considered determinative, then we would have in Cuyahoga county goods and chattels of considerable value, and the same goods and chattels in other counties of no value.

If this license is property, then it must be concluded that the Legislature, in enacting this law, intended to *create* property. Suppose A, indebted to various persons upon pre-existing debts, should be granted a license next November, then immediately upon the issuance of the same to him the pre-existing creditors may begin proceedings to, and in fact may, subject said license to the payment of those debts, and the Legislature thereby created property by which the pre-existing creditors of A were satisfied. The personnel of the licensees would thereby be con-

stantly interfered with, and to that extent the exercise of police power of and by the state disturbed. The act does not even expressly make the license answerable for debts incurred in the conduct of the business. If it had been so intended, a very few words would have expressed the intention. Only when a transfer is allowed, is a list of creditors of the licensee required. Theretofore the creditors have security in the stock of goods and the fact of a going concern.

Again, looking at the situation from another angle, suppose a levy is made upon a license, and the sheriff thereafter is called upon to sell the same in the performance of his duty; he then undertakes to sell a thing that he can only conditionally sell and only conditionally deliver. Suppose the sale is made, and subsequently the commissioners find the purchaser disqualified under the act, then the situation would require another advertisement and sale, and so on, until finally a purchaser would be found who qualified under the act. If the sheriff is obliged to sell unconditionally, he can not unconditionally deliver property; he simply sells to the purchaser the right to stand in the shoes of a transferee before the commissioners.

It seems to me that to hold that the license is property presents many anomalous situations. It is not clothed with those essentials of property which all definitions thereof require, or the definitions of goods and chattels require.

The policy of our state in respect to this question has not yet been declared by any of the superior courts. The question is squarely presented to me, and necessitates a decision by me. In view of the conflicting authorities, it has been a difficult question; but it seems to me that the safer and sounder policy to adopt is in conformity with the authorities which hold that a liquor license, duly authorized and granted under *our* statute, is a mere privilege, and is not property subject to levy on execution.

For the reasons above stated, the demurrer is overruled.